IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **I N D I C T M E N T** |
| | ) | |
| | ) | Case No. 3:08-CR-47 |
| -vs- | ) | |
| | ) | Violation: 21 U.S.C. § 846 |
| | ) | |
| KATHLEEN DAVIS; | ) | |
| MARTIN TORRES JR.; | ) | |
| JEFFREY THOMAS SWENSON; and | ) | |
| RANDIE MAE JOHNSON | ) | |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2006 through December 2007, in the District of North Dakota, and elsewhere,

KATHLEEN DAVIS;
MARTIN TORRES JR.;
JEFFREY THOMAS SWENSON; and
RANDIE MAE JOHNSON

did knowingly and intentionally combine, conspire, confederate, and agree together with Crystal Dawn Mattern, indicted in the District of North Dakota, Southeastern Division, Case No. 3:07-cr-101; and Rachel Barbosa Rogers, a/k/a Rachel Barbosa; Jennifer Anne Pachmayr; Francesca Jo Prichett, a/k/a Keka; Tomas John David Mott; Justin Lee Myers, a/k/a Oklahoma J; Israel John Patrick Davis; Melissa Ann Christiansen; Kevin Leroy Morse, a/k/a BK; Cory Allen Hiebert; Jonathan Andrew McKee; and Normalinda Ayala Montantez, indicted in the District of North Dakota, Southeastern Division, Case

No. 3:07-cr-95, and others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Oklahoma, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

5. During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine from Minnesota, Oklahoma, and elsewhere to North Dakota.

6. Methamphetamine was stored and distributed at various locations during the course of the conspiracy in North Dakota, Minnesota, Oklahoma, and elsewhere;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

A TRUE BILL:


/s/ Grand Jury Foreperson
Foreperson


/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

CCM:ld

3